In re Richard C. ROGERS, Jr. and
Patricia M. Rogers, Debtors.

Bill DUGUID and Terry
Duguid, Plaintiffs,

v.

Richard C. ROGERS, Jr. and Patricia
M. Rogers, Defendants.

Bankruptcy No. 95–2464–BKC–3P7.
Adv. No. 95–269.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 5, 1996.

**56**

Jeffrey Becker, Jacksonville, FL, for Plaintiffs.

Janet Thurston, Jacksonville, FL.

Thomas R. Ray, Jacksonville, FL.

Alexander G. Smith, Trustee, Jacksonville, FL.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon Plaintiffs' motion for summary judgment seeking to except from Defendants' discharge an award of compensatory, puni-tive and treble damages pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6). Upon consideration of the pleadings, briefs and arguments presented at the hearing held on November 28, 1995, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Bill Duguid and Terry Duguid (Plaintiffs) are judgment creditors of Richard C. Rogers, Jr. and Patricia M. Rogers (Defendants), as listed on Schedule "F" of the petition. (Main Case Record at 1).

2. Plaintiffs' status as judgment creditors of Defendants arises from a Final Judgment on Default entered by the Circuit Court of the Fourth Judicial District in and for Duval County Florida, in an action styled *Bill and Terry Duguid vs. Shelter Contractors Inc., et. al.*, Case No. 95–05075–CA (Fla.Cir.Ct.). (Adv. Record at 5, Ex. "A"). The state court made the following findings of fact:

   a. On September 2, 1992, Plaintiffs entered a Contract with Shelter Contractors, Inc., (Shelter) for the construction of a single family dwelling on property owned by Plaintiffs. (*Id.* at ¶ 1).

   b. On July 1, 1993 Shelter breached the contract by "failing to perform all work in a substantial and workmanlike manner and in accordance with accepted practices, unilaterally terminating the contract and walking off the job site, failing to pay for all materials, subcontractors and suppliers." (*Id.* at ¶¶ 2, 17).

   c. Defendants were officers and directors of Shelter. (*Id.* at ¶ 17). Shelter was organized by the Defendants as their alter ego and for the purpose of constructing residential dwellings, including the Plaintiffs' residence. (*Id.* at ¶ 19).

   d. Shelter never had any genuine or separate corporate existence, but was used for the sole purpose of allowing the Defendants to transact a portion of their individual business under a corporate guise. (*Id.* at ¶ 20).

   e. Defendants "caused [their] alter ego Shelter to transfer assets in excess of $15,-000.00 consisting of materials and supplies

that were ordered for the construction of the Plaintiffs' residence to themselves without receiving a reasonably equivalent value for the same." (*Id.* ¶ 21). Defendants "caused [their] alter ego Shelter to transfer in excess of $80,000.00 in construction funds to their own personal use . . . ." (*Id.* ¶ 22).

f. "Transfers incurred were fraudulently made with actual intent existing at the time of the transfer to hinder, delay, or defraud existing and subsequent creditors of the Rogers, both individually and as creditors of Shelter, their alto ego." (*Id.* ¶ 23).

g. Defendants' actions were done with the "intent to defraud and defeat the claims of the Duguids and to avoid liability with respect to the . . . transactions that were personal, not corporate." (*Id.* ¶ 24).

h. Defendants "obtain[ed] and use[d] personal property of the Duguids with intent to either temporarily or permanently appropriate the property to its own use . . . ," and consequently, violated Fla. Stat. § 812.014 (1992). (*Id.* ¶¶ 29–36).

3. Based on these findings of fact, the state court ordered an award of damages to the Plaintiffs for:

a. $80,345.69 in compensatory damages bearing interest at a rate of twelve (12%) per annum;

b. $443,118.21 in exemplary damages arising from Defendants' alter ego claim; and

c. $215,015.55 in treble damages bearing interest of twelve (12%) per annum arising from civil theft violation under Fla.Stat. § 812.014(1) (1992).

4. On May 26, 1995, Defendants filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Main Case Record at 1).

5. This adversary proceeding which commenced on August 31, 1995, seeks to except from defendants' discharge the state court's award of compensatory, punitive and treble damages pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6). (Adv. Record at 1).

6. On October 13, 1995, Plaintiffs moved for Summary Judgment. (Adv. Record at 6). They assert that the doctrine of collateral estoppel bars relitigation of factual issues decided by the state court. (*Id.*). Plaintiffs contend that the issues of fraud, fraud while acting in a fiduciary capacity, and malicious injury were necessary and critical to the state court judgment and are identical to the issues in this adversary proceeding. (*Id.*).

7. This Court in open court granted motion of Plaintiffs for Partial Summary Judgment concluding that the Court and the parties are collaterally estopped from relitigating the issues of fraud and breach of fiduciary duties decided by the state court in its Final Judgment on Default.[1]

8. The Court, however, withheld a ruling on the issue of nondischargeability of damages under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6) and asked counsels to file supplemental memorandums of law on the issue of damages. (Adv. Record at 22–23).

9. Plaintiffs contend that the Court must except from Defendants' discharge the damages awarded by the state court in its entirety. (Plaintiffs' Brief at 3). Plaintiffs argue that punitive damages awarded in conjunction with compensatory damages arising from Defendants' fraudulent conduct are not

---

1. The Eleventh Circuit Court of Appeals sets out the following three elements that must be satisfied before collateral estoppel applies to bar relitigation of facts actually litigated and necessary in a state court action:
   1. The issue at stake must be identical to the one involved in the prior litigation;
   2. The issue must have been actually litigated in prior litigation; and
   3. The determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action.

*See Halpern v. First Georgia Bank (In re Halpern)*, 810 F.2d 1061, 1065 (11th Cir.1987) (citing *In re Held*, 734 F.2d 628, 629 (11th Cir.1984)).

This Court found that Plaintiffs satisfied all three elements of *Halpern*, and consequently, granted Plaintiffs partial summary judgment. The Court further notes that the *Halpern* element of "actually litigated" is met where the Defendants chose not to participate in the trial which resulted in the state court's entry of Final Judgment on Default. *See In re Wilson*, 72 B.R. 956, 959 (Bankr.M.D.Fla.1987).

dischargeable under 11 U.S.C. § 523(a)(2)(A). (*Id.* at 3–5).

10. Plaintiffs concede that neither the Eleventh Circuit nor this District has addressed the issue of nondischargeability of punitive damages under § 523(a)(4). (*Id.* at 6–8). They, however, argue that this Court should join with bankruptcy courts that have found punitive damages arising out of fraud or defalcation while acting in a fiduciary capacity nondischargeable under 11 U.S.C. § 523(a)(4). (*Id.*)

11. Finally, Plaintiffs contend that the entire award of compensatory, punitive and treble damages should be excepted from Defendants' discharge under 11 U.S.C. § 523(a)(6). (*Id.* at 5–6).

12. Defendants briefed only the issue of treble damages. They candidly directed the Court's attention to cases that have found damages awarded for violation of Fla.Stat. § 812.014 nondischargeable under 11 U.S.C. § 523(a)(6). (Defendants' Brief at 1–2). Defendants distinguished their case from those cases, arguing that here the state court's judgment was rendered solely upon the Affidavit of Plaintiffs and contained no facts supporting liability under Fla.Stat. § 812.014 (1992) as in cases finding an award of treble damages nondischargeable. (*Id.*)

### CONCLUSIONS OF LAW

■ A motion for summary judgment is granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56; Fed. R.Bankr.P. 7056. The burden of demonstrating that no genuine issue of any material fact exists falls on the party moving for summary judgment. *Macks v. United States of America (In re Macks)*, 167 B.R. 254, 256 (Bankr.M.D.Fla.1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). After the moving party has met its burden, the party opposing a Motion for Summary Judgment must make a sufficient showing establishing the existence of an essential element of that party's case on which the party bears the burden of proof at trial. *Id.*

■ The facts in this case are not in dispute, and this Court has granted Plaintiffs a partial summary judgment in open court on the basis that the state court's Final Judgment on Default collaterally estopped Defendants from relitigating issues decided by the state court. Therefore, this Court must only determine whether Plaintiffs are entitled to Summary Judgment as a matter of law on the issue of damages.

Plaintiffs contend that the Court should except from Defendants' discharge the entire award of compensatory, punitive and treble damages pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6), which provides, in relevant part, that:

(a) A discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

\* \* \* \* \* \*

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

\* \* \* \* \* \*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity....

11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6).

The Court will first examine whether the state court's award of compensatory and punitive damages should be excepted from Defendants' discharge. Next, the Court will the address whether treble damages awarded pursuant to Fla.Stat. § 812.014 (1995) is nondischargeable.

### I. COMPENSATORY AND PUNITIVE DAMAGES

Plaintiffs argue that both the statutory language of subsection 523(a)(2)(A) and exist-

ing case law permit this Court to declare nondischargeable the award of compensatory and punitive damages. (Plaintiffs' Brief at 3–5). Defendants' memorandum of law does not address the issue of nondischargeability of compensatory and punitive damages. (Defendants' Brief at 1–2).

The Eleventh Circuit Court of Appeals has clearly spoken on the issue in *St. Laurent, II v. Ambrose (In re St. Laurent, II)*, 991 F.2d 672 (11th Cir.1993). The facts giving rise to *St. Laurent* involved Louis S. St. Laurent a developer of a Condominium project located in the Florida Keys who diverted time-share owners' (Owners) funds into his personal bank account. *Id.* at 674. The state court found St. Laurent liable for fraud and awarded Owners compensatory and punitive damages. *Id.* Subsequently, St. Laurent sought the protection of the bankruptcy court through the filing of a Chapter 7 case. *Id.* Owners sought to except from debtors' discharge the state court's award of compensatory and punitive damages under 11 U.S.C. § 523(a)(2)(A) and (a)(4). *Id.* at 675. The bankruptcy court "applied collateral estoppel to conclude that the entire debt was the product of fraud and therefore nondischargeable under [subsections] 523(a)(2)(A) and (a)(4)." *Id.*

The issue before the Court of Appeals was whether punitive damage awards are excepted from debtors' discharge under subsections 523(a)(2)(A) and (a)(4).[2] The Court of Appeals initially dealt with the issue of compensatory damages, holding that section 523(a)(2)(A) makes clear that: "[T]he purely compensatory component of a debt arising from actual fraud is not dischargeable in bankruptcy." *Id.* at 677.

■ In this proceeding, compensatory damages awarded to the Plaintiffs arose out of Defendants fraudulent conduct. (Adv. Record at 5, Ex. "A" at ¶¶ 23–25). Therefore, the compensatory portion of damage

award is excepted from Defendants' discharge under subsection 523(a)(2)(A).

■ Next, *St. Laurent* discussed more thoroughly the issue of nondischargeability of punitive damage awards, holding that "punitive damage awards flowing from the same course of conduct necessitating an award of compensatory damages are not dischargeable in bankruptcy under [section] 523(a)(2)(A)." *Id.* at 678. The Court of Appeals reasoned that an award of punitive damage in a state court fits the liberal definition of the term "debt."[3] As such, the bankruptcy code does not discharge the debtor from a "debt" arising from improper conduct. *Id.* at 679.

In this case, the state court's award of $443,118.21 in exemplary or punitive damages is not dischargeable pursuant to section 523(a)(2)(A) because it flows from the course of conduct necessitating the award of compensatory damages to Plaintiffs. The state court's award of punitive damages to Plaintiffs was predicated upon a finding that Defendants transferred Plaintiffs' construction funds to their own personal use with intent to defraud Plaintiffs. (Adv. Record at 5, Ex. "A" ¶ 24). Thus, the state court's award of punitive damages is excepted from Defendants' discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

Plaintiffs also argue the compensatory and punitive damages award can be excepted from debtors' discharge under section 523(a)(4) and (a)(6). Having found that Defendants' compensatory and punitive award is excepted from Defendants' discharge under section 523(a)(2)(A), the Court declines to decide the issue under sections 523(a)(4) and (a)(6). Next, the Court turns to the issue of treble damages

## II. TREBLE DAMAGES UNDER FLORIDA'S CIVIL THEFT STATUTE

■ Defendants specifically and concisely briefed the issue of nondischargeability of

**2.** The Court of Appeals expressly limited its decision to 11 U.S.C. § 523(a)(2)(A). *Id.* at 681.

**3.** *Id.* at 678 (stating that "debt" is to be given a broad expansive reading for purposes of the Bankruptcy code) (citing *TranSouth Fin. Corp. v. Johnson*, 931 F.2d 1505, 1507 (11th Cir.1991)).

The Court of Appeals also resolved the ambiguity of section 523(a)(2)(A) by applying the cannons of statutory construction and relying on past bankruptcy practice that gives the broadest possible definition to the term "debt" to include "punitive damages." *St. Laurent, II*, 991 F.2d at 679–81.

treble damages under Fla.Stat. § 812.014 (1992).[4] Defendants distinguish their case from binding case law that has interpreted section 523(a)(6) as allowing treble damages awarded under Fla.Stat. § 812.014 to be excepted from debtors' discharge. (Defendants' Brief at 1–2)

The Eleventh Circuit Court of Appeals has held that damages arising out of a violation of Fla.Stat. § 812.014 is not dischargeable under section 523(a)(2)(A). *See Sunco Sales, Inc. v. Latch (In re Latch)*, 820 F.2d 1163 (11th Cir.1987). In *Latch*, a judgment creditor appealed the bankruptcy court's judgment not excepting from debtors' discharge an award of damages arising from a violation of Fla.Stat. § 812.014. *Id.* at 1165. The creditor argued the debtor should not be granted a discharge under section 523(a)(6) because the state court jury's findings of liability under Fla.Stat. § 812.014 is enough to establish nondischargeability under the section 523(a)(6) language of "willful and malicious injury." *Id.* The federal district court agreed with the creditor and reversed the bankruptcy court's decision. *Id.* The Eleventh Circuit affirmed. *Id.*

■ The Court of Appeals addressed whether the creditor proved the "willful and malicious" element necessary to establish nondischargeability under section 523(a)(6). *Id.* The Court of Appeals held that the statutory language of Fla.Stat. 812.014 requires a showing of "intent," and this showing of intent satisfies the "willful and malicious" element of section 523(a)(6). *Id.* The Court of Appeals reasoned that the statutory language of Fla.Stat. § 812.014 clearly requires intent to do a wrongful act, not mere negligence or recklessness. *Id.* Thus, one can conclude that because a defendant is convicted under Fla.Stat. § 812.014, that the defendant is also "willful and malicious" within the meaning of section 523(a)(6). *Id.*

Defendants also direct the Court's attention to *Johnson v. Keene (In re Keene)*, 135 B.R. 162 (Bankr.S.D.Fla.1991), where an award of treble damages under Fla.Stat. 812.014 was found nondischargeable. The *Keene* court held that the state court's judgment decided all of the issues necessary to prove an exception to discharge under section 523(a)(6).

Here, defendants concede that treble damages awarded under Fla.Stat. 812.014 can be held nondischargeable under section 523(a)(6), but insist that this case is distinguishable from *Latch* and *Keene*. (Defendants' Brief at 1–2). Defendants argue that the court in both cases examined the state court's judgment to decide if there were sufficient factual evidentiary findings to support a nondischargeability finding under section 523(a)(6). (*Id.*). The Defendants contend that here they were found liable solely upon affidavit of the Plaintiffs without a trial. (*Id.*).

Defendants further reading of *Keene* should have revealed that the *Keene* court held that where the state court entered a default judgment or the defendant chooses not to participate in the trial, the case is nevertheless "actually litigated." *Id.* at 168. This Court follows the lead of *Latch* and holds that treble damages awarded by the state court upon a finding of liability under Fla.Stat. § 812.014(1) is excepted from Defendants' discharge under 11 U.S.C. § 523(a)(6).

### CONCLUSION

The Eleventh Circuit's decisions of *St. Laurent, II*[5] and *Latch*,[6] taken together, support a finding that the award of compensatory, punitive, and treble damages to the Plaintiffs nondischargeable in its entirety. Therefore, Plaintiffs motion for summary judgment is granted on the issue of damages. The Court will enter a separate order consis-

---

**4.** Defendants were found in violation of subsection 812.014(1), which states:
(1) A person commits theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.

(b) Appropriate the property to his own use or the use of any person not entitled thereto.
Fla.Stat. § 812.014(1) (1992).

**5.** 991 F.2d 672 (11th Cir.1993).

**6.** 820 F.2d 1163 (11th Cir.1987).

tent with these findings of fact and conclusions of law.

*ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND EXCEPTING FROM DEBTORS' DISCHARGE COMPENSATORY, PUNITIVE AND TREBLE DAMAGES AWARDED BY THE STATE COURT*

This proceeding came before the Court upon Plaintiffs' motion for summary judgment pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6). Upon findings of fact and conclusions of law separately entered, it is,

**ORDERED:**

1. The Court reaffirms its oral ruling that the doctrine of collateral estoppel applies and that the debt is nondischargeable.

2. Plaintiffs' Motion for Summary Judgment is granted on the issue of damages.

3. The compensatory portion of the damage award in the amount of $80,345.69 bearing interest at a rate of twelve (12%) per annum is excepted from debtors' discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

4. The state court award of punitive or exemplary damages in the amount of $443,-118.21 is excepted from debtors' discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

5. Treble damages awarded to the Plaintiffs in the amount of $215,015.55 bearing an interest of twelve (12%) per annum arising Defendants violation of Fla.Stat. § 812.014(1) is excepted from debtors' discharge pursuant to 11 U.S.C. § 523(a)(6).

6. This adversary proceeding is closed.