**In re Susan C. CLAYTON, Debtor.**

**Paul Reid, d/b/a Reid Medical Systems, Plaintiff,**

v.

**Susan C. Clayton, Defendant.**

**Bankruptcy No. 97–7999–BKC–3P7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 26, 1999.

Janet H. Thurston, Jacksonville, FL, for plaintiff.

Eric S. Kolar, Jacksonville, FL, for defendant.

### FINDINGS OF FACT AND CONCLUSION OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

THIS PROCEEDING is before the Court upon a Complaint to Determine Dischargeability of Debt, filed pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6), by Paul Reid, doing business as Reid Medical Systems, hereinafter "Plaintiff". Debtor / Defendant, Susan C. Clayton, hereinafter "Defendant", filed an Answer.

Plaintiff filed his initial Motion for Summary Judgment on June 12, 1998, seeking a ruling that the Amended Final Judgment in the Duval County Court action styled: *Paul Reid, d/b/a Reid Medical Systems, Plaintiff vs. Susan Clayton, Defendant,* Case No. 96–12943CC, Division D, collaterally estopped the relitigation of the issues determined in the state court proceedings. Defendant filed a Response to the motion. The Court heard arguments on that motion on July 7, 1998, and denied the motion without prejudice.

On August 18, 1998, Plaintiff filed a Renewed Motion for Summary Judgment and attached to the Renewed Motion, an Affidavit from state court judge the Honorable Linda F. McCallum. Defendant filed a Response to the Renewed Motion. On December 9, 1998, the Court heard arguments on the Renewed Motion. At the conclusion of the arguments, the Court advised the parties that it was prepared to rule and grant the Renewed Motion. The Court offered to postpone ruling and continue the hearing on the Renewed Motion in order to give the Defendant the opportunity to take the deposition of Judge McCallum or to subpoena her to appear before the Court to testify on the pending matter. Defendant indicated through counsel a desire to pursue that opportunity, and accordingly, the hearing was continued until February 4, 1999.

On January 29, 1999, Defendant filed a written response to the Renewed Motion, attaching thereto, an Affidavit from Judge McCallum.

On February 4, 1999, the parties appeared before the Court, which heard additional arguments on Plaintiff's Renewed Motion. Defendant had neither deposed Judge McCallum, nor subpoenaed her to testify.

Based upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Plaintiff is a judgment creditor of the Defendant by virtue of a certain Final Judgment dated April 9, 1997, and Amended Final Judgment dated June 5, 1997.

2. Defendant was employed by Plaintiff as the office manager in his business, known as "Reid Medical Systems". In her capacity as Office Manager, Defendant had access to a charge card for an American Express account in the name of J. Paul Reid, III.

3. During the course of her employment with Plaintiff, Defendant used Plaintiff's American Express charge card for various personal charges. When Defendant left Plaintiff's employ, there were unpaid personal charges that had been made to Plaintiff's charge by Defendant, in the amount of $3,574.87.

4. Plaintiff contended that these charges were made by Defendant to his American Express Account without his permission, and in violation of his office policy regarding employee's personal use of the business charge account.

5. In August, 1996, Plaintiff, through counsel, sent Defendant a demand letter setting forth his position on the unpaid charges, and demanding repayment of $3,574.87. The letter made the statutory demand for treble damages.

6. Defendant did not tender payment.

7. In September, 1996, Plaintiff filed suit against Defendant in Duval County Court. The single count Complaint set

forth Plaintiff's theory that Defendant's personal use of his business charge card was done intentionally, without his permission, and with the specific intent to wrongfully deprive him of his funds. The suit sought recovery, including treble damages, under Florida Statutes 772.11.

8. Defendant obtained counsel, and defended the suit through a bench trial. Defendant's position was that she had permission to make the charges in question, which constituted a loan, and that she had not intended to commit theft or to defraud Plaintiff.

9. The state court trial judge found in favor of Plaintiff, for the sum of $3,482.83, and on April 9, 1997, entered a Final Judgment against Defendant. That judgment awarded the Plaintiff treble damages under Florida Statutes 772.11, based upon the belief that Plaintiff had proved by "clear and convincing evidence" that Defendant's conduct violated Florida's Civil Theft Statute.

10. Neither the Final Judgment nor the Amended Final Judgment were appealed.

11. On October 20, 1997, Defendant filed a voluntary petition for relief under Chapter 7, Title 11, U.S.Code.

12. On January 15, 1998, Plaintiff timely filed a Complaint to Object to the Dischargeability of Debt.

### CONCLUSIONS OF LAW

█ 13. The above stated facts in this case are not in dispute. The issue before this Court, set out in the Renewed Motion for Summary Judgment, is whether the Doctrine of Collateral Estoppel is applicable to bar the relitigation of factual issues determined by the state court. Simply put, if the state court judge determined that Defendant's conduct did in fact constitute "civil theft", can Defendant relitigate that issue before this Court in the context of Plaintiff's suit challenging the dischargeability of the civil theft judgment

debt? For the reasons set forth below, the answer to that question must be "no".

█ 14. The Eleventh Circuit Court of Appeals has set forth three elements that must be satisfied before collateral estoppel will bar the relitigation of facts actually litigated and necessary to a state court action. *Halpern v. First Georgia Bank (In re Halpern)*, 810 F.2d 1061, (11th. Cir. 1987). Those elements are as follows: 1. The issue at stake must be identical to the one involved in the prior litigation; 2. The issue must have actually been litigated in the prior litigation; and 3. The determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action. *Halpern, Id.* at 1065.

15. All three requirements have been met in the case before this Court. Florida Statute 772.11 provides that persons who prove by "clear and convincing evidence" that they have been injured in any fashion by reason of a violation of the provisions of Florida Statutes 812.012 – 812.037, relating to theft crimes, are entitled to damages in the amount of threefold the actual damages sustained, as well as to an award of reasonable attorneys fees and court costs. The Statute alters the rule that damages for breach of contract are generally limited to the pecuniary loss sustained, but requires that such a recovery be based upon *proof of an intentional wrong* which amounts to an independent tort. In the state court litigation, Plaintiff plead an entitlement to treble damages based on Defendant's intentional wrongdoing. The trial court found the requisite wrongdoing and awarded the treble damages requested.

16. Florida Statute 812.014 (1992), reads in relevant part, as follows:

(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:

(a) Deprive the other person of a right to the property or the benefit from the property.

(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

17. Plaintiff timely objected to Defendant's attempt to discharge his civil theft judgment against her pursuant to 11 U.S.C. § 523(a)(2)(A), which excepts from discharge, any debt for "money ... to the extent obtained, by—false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.", 11 U.S.C. § 523(a)(4), which excepts from discharge, any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny", and under § 523(a)(6), which excepts from discharge debts "for willful and malicious injury by the debtor to another entity" or to the property of another entity. The legislative history of each of those sections indicates a congressional intent that the type of debt represented by a civil theft judgment would not be discharged in a bankruptcy:

> The intent is to include in the category of nondischargeable debts, a conversion under which the debtor willfully and maliciously intends to borrow property for a short period of time with no intent to inflict injury but on which injury is in fact inflicted.

H.Rept. No. 95–595, 95th Cong., 1st Sess. (1977) pp. 363–365.

> Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, "willfull" means deliberate or intentional.

*Id.*

> Paragraph (5)[6] provides that debts for willful and malicious conversion or injury by the debtor to another entity or the property of another entity are nondischargeable.

S.Rept. No. 95–989, 95th Cong., 2d Sess. (1978) pp. 77–79.

18. The Code provisions and the Florida Civil Theft Statute both require a showing that defendant / debtor act willfully and maliciously. To prevail on a case prosecuted under the Florida Statute, a plaintiff must prove a case by "clear and convincing evidence", a standard of proof which exceeds the "ordinary preponderance-of-the-evidence standard" required to prevail in dischargeability proceedings under 11 U.S.C. § 523(a) *et. seq.*, *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

19. There is no question that the issues of whether or not theft, conversion and /or embezzlement occurred were actually litigated in the state court proceedings. Not only does the Affidavit of Judge McCallum specifically state that they were, but there simply could not have been a judgment for Plaintiff on the single count civil theft complaint had those issues not been raised and determined in Plaintiff's favor. Defendant retained counsel, and mounted an aggressive defense in an actual bench trial. She presented her version of the facts and the legal issues. She did not prevail.

20. There is no question that the resolution of those issues was necessary and critical to the entry of the state court judgment. It was clearly "necessary and critical" that the state court judge determine that Defendant's use of the Plaintiff's charge card fell within the ambit of conduct proscribed by the Florida Civil Theft Statute. It was likewise critical that the trial judge determine that Plaintiff had proved his case by "clear and convincing evidence". The entry of the judgment awarding the statutory treble damages, along with attorneys fee and court costs is irrefutable proof that the Plaintiff proved his case.

21. Having proved his case in state court under the Florida Civil Theft Statute, Plaintiff is entitled to have this Court apply the Doctrine of Collateral Estoppel

to prevent the relitigation of these issues. As the Eleventh Circuit Court of Appeals held in *In Re Latch*, 820 F.2d 1163 (11th Cir.1987):

> More significantly, the judge entered a verdict against the Latches for civil theft.... This statutory language clearly requires intent to do a wrongful act, not mere negligence or recklessness. The case law confirms that liability under the statute must be based on criminal intent.

*Id.* at 1165. (Recitation of Florida Statute § 812.014(1) omitted).

22. This Court has recently followed the *Latch* decision in a recent § 523(a) dischargeability case which arose in much the same context as the case now before the Court. In *Duguid v. Rogers (In re Rogers)*, 193 B.R. 55 (Bankr.M.D.Fla. 1996), this Court stated:

> The Eleventh Circuit Court of Appeals has held that damages arising out of a violation of Fla.Stat. § 812.014 is (sic) not dischargeable under Section 523(a)(2)(A).... In *Latch*, a judgment creditor appealed the bankruptcy court's judgment not excepting from debtor's discharge an award of damages arising from a violation of Fla.Stat. § 812.014.... The creditor argued that the debtor should not be granted a discharge under section 523(a)(6) because the state court jury's findings of liability under Fla.Stat. § 812.014 is enough to establish nondischargeability under the section 523(a) language of "willful and malicious injury." ... The federal district court agreed with the creditor and reversed the bankruptcy court's decision.... The Eleventh Circuit affirmed.

*Id.* at 60.

23. The issues raised by the Plaintiff in the state court action are identical to the issues raised in this adversary proceeding, and were actually litigated to a Final Judgment in the state court. A finding that Defendant actually used the Plaintiff's credit card and actually incurred personal charges on that card without Plaintiff's permission and to Plaintiff's economic damage was necessary and critical to the state court judgment. A finding that Defendant's conduct in so doing was not merely the result of a mistake or recklessness, but was in fact "willful and malicious", was likewise necessary and critical to the Final Judgment with the adjudication of liability under Florida Statute § 772.11. Accordingly, Plaintiff's Motion for Summary Judgment must be granted. The Doctrine of Collateral Estoppel appropriately bars the relitigation of those issues.

24. A separate order will issue granting the Renewed Motion for Summary Judgment, and excepting from the debtor's discharge, the debt owed by Defendant Susan C. Clayton to Paul Reid.